■ In the Matter of the Arbitration between EAST COAST INSURANCE COMPANY, Appellant, and HYMAN FANSELOW et al., Respondents.—Judgment, Supreme Court, New York County, entered September 11, 1973, which dismissed the petition to stay arbitration under the uninsured motorist endorsement, and which declared the disclaimer of the respondent Allstate Insurance Co. valid, unanimously affirmed, without costs and without disbursements. Respondent Fanselow, while operating a taxi, was involved in an accident with a motor vehicle operated by one Jefferson who was insured by Allstate. Jefferson did not report the accident to his insurer, which first learned of the matter some six months later when it received a claim letter from Fanselow's attorney. Allstate then sent Jefferson, its insured, a disclaimer letter, and its claims supervisor testified that according to office practice, a copy of the letter of disclaimer was probably sent to Fanselow's attorney as well. While the injured third party is not to be charged vicariously with the insured's delay (see *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568, affd without opn 4 NY2d 1028), we cannot say that the court at Trial Term was in error in determining that the injured party did

not pursue his rights with as much diligence as was reasonably possible. Concur—Kupferman, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.